## HIGHT *v.* HARDING.

### Opinion delivered October 19, 1908.

TRIAL—IMPROPER ARGUMENT—COMMENT ON EXCLUDED EVIDENCE.—Where the trial court excluded certain evidence from the jury, it was reversible error to permit plaintiff's attorney in his closing argument to comment on its effect, thus denying defendant the right of a reply.

Appeal from Washington Circuit Court; *J. S. Maples,* Judge; reversed.

*E. B. Wall, McGill & Lindsey* and *Mays & McDonald,* for appellant.

It is reversible error for a trial judge to permit counsel in argument before the jury to comment upon evidence which has been excluded.

*R. J. Wilson, McDaniel & Dinsmore,* and *Walker & Walker,* for appellee.

HART, J. This is an action of malicious prosecution brought in Washington Circuit Court by W. A. Harding against J. P. Hight.

The complaint alleges, in substance, that the defendant, Hight, had falsely, maliciously and without probable cause procured the grand jury of Washington County to find an indictment against the plaintiff, Harding, charging him with the crime of obtaining money under false pretenses, which indictment was returned November 4, 1905. The false pretense charged consisted in selling a cow in his possession to one J. N. Oates for

$45, which he represented to be his own property, and which in reality was alleged to be the property of the defendant, Hight. That Harding was at the October term, 1906, of said court duly acquitted of said charge by a jury. Whereupon he was by the court discharged, and the prosecution thereby terminated.

The complaint further alleged that Hight had maliciously and without probable cause caused Harding to be imprisoned in the county jail of Washington County on said charge for seventy-two days, and had afterwards caused him to be prosecuted in said circuit court on said charge until his acquittal and discharge. That, prior to the beginning of said seventy-two days' confinement, Harding had given bail for his appearance in said court to answer said charge, but that Hight had gone to one Charles Vance and other sureties on his bail bond and falsely and maliciously represented to them that by remaining on his bond they would be compelled to pay the amount thereof, and would be otherwise injured, and did thereby cause them to surrender Harding into custody, whereby he was imprisoned in the county jail for seventy-two days. That after said imprisonment Hight absented himself from a term of said court and caused Harding to be deprived of his right of a speedy trial, by which he was greatly humiliated.

Hight answered, making a general denial. The case was tried before a jury at the fall term, 1907, of said court. The jury returned a verdict in favor of plaintiff for $1,800 damages, and the defendant has appealed.

Harding had been in the dairy business near Fayetteville, Arkansas, and J. A. Ferguson had held his notes for $1,850, and a mortgage on the property used in his dairy business to secure the same. Hight bought the notes and mortgage about May, 1905. Harding executed to Hight a new note and mortgage. Shortly afterwards, seven cows, one of which was called "Dandy," were purchased from Hugh Shelton for $180 or $190, and delivered to Harding. Here is where the conflict of testimony begins.

Harding claims that he bought the cows from Shelton for $190, and paid him by giving him ten dollars in money and a check on Hight for the balance. On the other hand, Hight contends that he bought the cows from Shelton, paying him

therefor $180, and then sold them to Harding for the same price, retaining the title in the cattle until they were paid for. It is not disputed that the cow called "Dandy" was sold to Oates by Harding for $45, and that Harding at the time represented that she was his property, and was free from any lien or other incumbrance. Hight produced a memorandum in writing showing a sale of the Shelton cattle together with others by him to Harding. The memorandum purports to have been signed by Harding, and shows that the title to the cattle was retained by Hight until they were paid for. Harding says this memorandum is a forgery. Other evidence was adduced by each party tending to show his ownership in the cattle, but it consisted chiefly of circumstances from which ownership might be inferred by the jury.

Over the objections of Hight, Harding was permitted to prove that Hight had never assessed these cattle for taxation; the court at the time stating in the presence of the jury that he would permit the assessment list of Hight to go to the jury for what it was worth and would fix it with proper instructions. Defendant saved his exceptions.

On that point the court, instructed the jury as follows: "As to whether Dr. Hight should have or should not have assessed the cow or cattle in controversy is not a question for the jury, and the jury will not consider that fact in determining this cause." Counsel for plaintiff, in making his opening argument before the jury, did not discuss the matter of assessment. Counsel for defendant read the above instruction on the subject of the assessment of the cattle to the jury, then stated that it was useless to discuss that matter, and thereafter did not refer to it. Counsel for plaintiff in his closing argument to the jury referred to the fact that Dr. Hight had not had said cow assessed to him for taxation for the years 1905 and 1906. Thereupon counsel for defendant made objection to the court to any argument against defendant in the matter of the assessment, for the reason that the court had excluded that matter from the jury, and that the counsel for the defendant had not presented it to the jury for that reason. Counsel for plaintiff replied that he only wanted to argue it as a circumstance affecting the credibility of the defendant as a witness, and the court replied that he might

argue it to the jury for that purpose. Counsel for the defendant saved their exceptions. Thereupon counsel for the plaintiff proceeded to argue the matter before the jury as affecting the credibility of the defendant as a witness.

After the argument was closed, and as soon as the jury had retired, counsel for defendant again called the attention of the court to the fact that the matter of assessment had been excluded from the jury by the court's instructions, and that they had not argued the matter for that reason, and had had no opportunity to argue it since counsel for plaintiff had presented it to the jury. Counsel was then informed by the court and by counsel for plaintiff that Mr. J. W. Walker had gone to the court after the instructions had been read to the jury, and the argument had commenced, and had stated to the court, in the absence of the counsel for the defendant, and without their knowledge, that he intended to argue the fact of the failure of Hight to assess the property as a circumstance affecting his credibility as a witness. That he stated to the court that he did not intend to do so if the court considered it would be in conflict with the instructions, and had been informed by the court that for that purpose such argument would be proper.

Mr. Thompson, in his work on Trials, at par. 969, vol. 1, says that it is reversible error for the trial judge to permit counsel in argument before the jury to comment upon evidence which has been excluded.

The testimony in regard to the assessment list had been excluded from the jury, and for that reason had not been discussed by counsel for plaintiff in their opening argument, and counsel for the defendant had stated to the jury that they did not discuss it because the court had excluded it from their consideration. While it may be said that the permission by the court to plaintiff's counsel to argue it to the jury was to admit it again as evidence, still it was in effect to permit evidence to be given to the jury after the defendant had closed his argument, to permit plaintiff to comment on its effect and to deny defendant the right of a reply. This could be hardly less prejudicial than commenting on evidence which has been excluded, in a case like the present where the chief reliance of either party for a verdict rested upon the credence which the jury should

place upon his own testimony. His credibility as a witness, then, became of vital moment to him in the trial. Mr. Thompson says that the true office of counsel is that of aids or helps to the court and jury in the administration of justice.

Defendant's credibility as a witness was a matter that vitally affected his interests. After his counsel had closed their arguments before the jury, new matter was injected into the case, which materially affected his rights. The aid of his counsel in arriving at the truth of the case should not have been denied him.

The defendant had a right to know what arguments were to be urged against him, and he could only learn this from the opening argument and inferentially from the instructions of the court. While, in cases of this sort, the appellate court will not reverse a judgment unless an abuse of the discretion of the trial court is shown, we think such abuse clearly appears in this case where the credibility of the parties to the suit was one of the main issues to be decided by the jury, and where a new subject and a new argument was permitted the plaintiff in his closing argument to which the defendant was denied an opportunity of reply.

For this error the judgment is reversed, and the case remanded for a new trial.